**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **WANDA GALE GRUBBS** | : | **DOCKET NO. 21-cv-00310** |
| **VERUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CANAL INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**<u>NOTICE AND ORDER</u>**

Plaintiff Wanda Gale Grubbs ("Grubbs") filed suit in Beauregard Parish, Louisiana, on February 6, 2020, naming as defendants Canal Insurance Company ("Canal") and Roberto Leon-Lopez d/b/a Leon's Transport ("Leon-Lopez") (hereinafter on occasion referred to collectively as "defendants."). *Id*. p. 1. Grubbs claims personal injuries allegedly sustained as the result of vehicular accident that occurred between her and Leon-Lopez. Doc. 1, att. 2, p. 1. She alleges that Leon-Lopez was insured by Canal. *Id*. p. 4.

Defendants removed this action to this court on February 5, 2021. Doc. 1. In their Notice of Removal, defendants contend that plaintiff did not identify her place of residence or domicile in her petition for damages. Doc. 1, p. 2. Thus, they state that their removal is timely because "the notice of removal is being filed within 30 days of when the Petitioners' received notice that parties are completely diverse under 28 U.S.C. 1446(b)(3)." Doc. 1, p. 2, ¶ 5. In her Motion to Remand, however, plaintiff correctly points out that defendants had indeed received notice thereof, as the petition expressly states plaintiff's domicile as Beauregard Parish. Doc. 1, att. 2, p. 1. Defendants respond to plaintiff's argument by stating that "Plaintiff's counsel seizes on an obvious mistake in

Defendants' removal petition regarding the domicile of the parties." Doc. 11, p. 1. Defendants attempt to correct their basis for timeliness of removal by claiming in response that that the matter became removable once they deposed plaintiff on January 28, 2021. *Id.* at p. 2.

Proper information regarding the facts that entitle a party to removal are necessary for a court to make a determination under 28 U.S.C. § 1441 as to whether the case was properly removed. At its current state, the Notice of Removal contains defective allegations regarding the timeliness of this removal action insofar as the notice contains an allegation that was evidently made in error.  Section 1653 of  28 U.S.C. grants courts the discretion to allow parties to cure defective jurisdictional allegations.  That section "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 887 (5th Cir. 1986). Indeed, a court should not decline to exercise jurisdiction where a procedural shortcoming can be cured by resort to § 1653. *In re Allstate Ins. Co*., 8 F.3d 219 (5th Cir. 1993); *see also* WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE & PROCEDURE (1998): Jurisdiction 3d §3739, at 575–76 (2d ed. 1985) ("Irregularities or defects in the removal procedure ... ordinarily do not provide grounds for remand. They may be cured by amendment in the federal court.").   However, § 1653 is limited to the curing of insufficient allegations of jurisdiction and cannot be extended to "create jurisdiction retroactively where it did not previously exist." Jurisdiction must exist at the time the original complaint was removed. *Aetna,* 796 F.2d at 775.

A defective allegation of timeliness in the removal petition is a defect which can be cured by amendment under § 1653. *See c.f. Courtney v. Benedetto,* 627 F.Supp. 523, 527 (M.D.La., 1986) (citing *Cook v. Robinson*, 612 F.Supp. 187 (D.C.Va., 1985)). Due to the inadequate timeliness allegations in the notice of removal, this court cannot definitively determine the

procedural propriety of removal at this time. Accordingly, we find it appropriate to order defendants to amend their Notice of Removal to properly set forth the grounds relied upon for timeliness in order to establish whether this court enjoys subject matter jurisdiction over this case. Accordingly,

    **IT IS ORDERED** that, on or before **November 30, 2021**, defendants are to amend their Notice of Removal to cure any error they may have made in the original notice.  Plaintiff is to contact chambers if she should wish to then amend her Motion to Remand based upon the amended notice and new deadlines will be set.

    THUS DONE AND SIGNED in Chambers this 23rd day of November, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE